RE: INFORMAL OPINION DEALING WITH NEPOTISM
SHORTLY BEFORE YOU LEFT OFFICE, YOU ASKED FOR AN OPINION REGARDING NEPOTISM. BECAUSE YOUR QUESTION HAS BASICALLY BEEN ADDRESSED BY PREVIOUS OPINIONS OF THE ATTORNEY GENERAL WE ARE RESPONDING TO YOUR REQUEST WITH AN INFORMAL OPINION.
THE FACTS AS I UNDERSTAND THEM CONCERN A CITY COUNCIL APPOINTING THE MEMBERS OF A PUBLIC TRUST WITH THE CITY AS A BENEFICIARY. THE TRUSTEES ARE NOT COMPENSATED. YOU ASK WHETHER IT WOULD BE A VIOLATION OF LAW FOR THE COUNCIL TO APPOINT THE BROTHER OF A COUNCIL MEMBER TO THE BOARD OF TRUSTEES OF THE TRUST.
IT APPEARS THAT THE TRADITIONAL NEPOTISM STATUTES DO NOT APPLY. 21 O.S. 1981, 481/21 O.S. 487. THIS OFFICE HAS TAKEN THE POSITION THAT 481 ONLY APPLIES TO COMPENSATED OFFICERS AND EMPLOYEES. A.G. OPIN. 83-176. HOWEVER, THIS SAME OPINION FOUND THAT THE SPECIFIC MUNICIPAL NEPOTISM STATUTE APPLIED TO NON-COMPENSATED OFFICERS OF THE MUNICIPAL GOVERNMENT AND COUNCIL MEMBERS COULD NOT APPOINT THEIR RELATIVES TO AN UNPAID CITY OFFICE. ID.; 11 O.S. 8-106 (1990). TRUSTEES OF A MUNICIPAL-BENEFICIARY PUBLIC TRUST ARE CONSIDERED AGENCIES OF THE MUNICIPALITY. 60 O.S. 179. THESE TRUSTEES ARE ALSO CONSIDERED "PUBLIC OFFICERS". 60 O.S. 178; CARTWRIGHT V. OIA, 629 P.2D 1244 (OKLA. 1981); A.G. OPIN. 80-145.
WHILE IT COULD BE ARGUED THAT PUBLIC TRUSTEES ARE NOT MUNICIPAL OFFICERS IN THE TECHNICAL SENSE, IT IS MY VIEW THAT THE LEGISLATURE HAS EXPRESSED ITS INTENT THAT CITY COUNCIL MEMBERS SHOULD NOT APPOINT THEIR RELATIVES TO CITY JOBS, OR BOARDS ASSOCIATED WITH THE MUNICIPALITY. IN MY OPINION, THE APPOINTMENT CHARACTERIZED IN YOUR LETTER WOULD BE PROHIBITED. THIS IS THE OPINION OF THE UNDERSIGNED AND IS NOT THE OFFICIAL OPINION OF THE ATTORNEY GENERAL.
(THOMAS L. SPENCER)